IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

DAVID LAMAR JOHNSON, #255 052   *

    Petitioner,   *

        v.   *   1:08-CV-610-TMH
           (WO)
STATE OF ALABAMA, *et al*.,   *

    Respondents.   *
_____

**ORDER**

Respondents filed a supplemental answer on July 10, 2009 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (*Doc. No. 44*.) They contend therein that the claim presented by Petitioner in his amended petition provides no basis for relief. Specifically, Respondents argue that Petitioner's claim that his constitutional rights were violated when he was denied a fair and impartial trial by and all white, male jury is "procedurally barred" from review by this court. In support of this argument, Respondents contend that Petitioner did not present this claim on direct appeal and his failure to properly present his claim in the Alabama state courts, which is required to exhaust and preserve his claim for habeas review, has resulted in a procedural default of such claim in this court. S*ee O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).

A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice"

resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before July 28, 2009 Petitioner may file a response to the supplemental answer filed by Respondents in accordance with the directives contained in the court's October 29, 2008 order. (*See Doc. No. 21*.) Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after July 28, 2009 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Done, this 13th day of July 2009.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE