IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

DAVID LAMAR JOHNSON, #255 052   *

    Petitioner,   *

           v.   *   1:08-CV-610-TMH
                              (WO)
STATE OF ALABAMA, *et al*.,   *

    Respondents.   *

_____

**ORDER**

Respondents filed supplemental answers to Petitioner's amended petition (*see Doc. No. 49*) on September 11 and October 9, 2009 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (*Doc. Nos. 51, 59*.) They contend therein that the claims presented by Petitioner in his amended petition provide no basis for relief. Specifically, Respondents argue that Petitioner's claims that he received ineffective assistance of trial and appellate counsel and that counsels' ineffectiveness establishes cause for the procedural defaults of his substantive claims are"procedurally barred" from review by this court. In support of this argument, Respondents contend that Petitioner did not present properly his claim of ineffective assistance of trial counsel in the state courts and thus this claim is defaulted from federal habeas review. Respondents further contend that Petitioner's challenge to appellate counsel's performance is raised for the first time in this court, and thus this claim is likewise defaulted for Petitioner's failure to properly present this claim in the Alabama state courts

which is required to exhaust and preserve his claims for habeas review.  S*ee O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).

A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977).  However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995);  *Murray v. Carrier*, 477 U.S. 478 (1986).  The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Carrier*,  477 U.S. at 496.

Accordingly, it is

ORDERED that on or before October 30, 2009 Petitioner may file a response to the supplemental answers filed by Respondents in accordance with the directives contained in the court's October 29, 2008 order.  (*See Doc. No. 21.*)   Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after October 30, 2009 the court shall "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Done, this 15th day of October 2009.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE